**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-1230**

───────────

JESSICA RATLIFF, as Administratrix of the Estate of Michael
Ratliff,

              Plaintiff - Appellant,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

              Defendant - Appellee.

───────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.  John Preston Bailey,
Chief District Judge.  (2:13-cv-00008-JPB-JES)

───────────

Submitted:  September 30, 2014      Decided:  October 8, 2014

───────────

Before KING and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Scott W. Andrews, HOOVER ANDREWS PLLC, Barboursville, West
Virginia, for Appellant.  Walter M. Jones, III, E. Kay Fuller,
Michael M. Stevens, MARTIN & SEIBERT, L.C., Martinsburg, West
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This action arises out of a motor vehicle accident that resulted in the death of Jessica Ratliff's husband. Ratliff sought to recover under the underinsured motorist provision in the decedent's automobile insurance policy, which was issued by State Farm Automobile Insurance Co. (State Farm). State Farm refused payment on the ground that the decedent bore primary responsibility for the accident. Ratliff then sued State Farm, and the district court granted summary judgment in favor of State Farm. Ratliff now appeals. We affirm.

Ratliff first contends that the district court abused its discretion when it granted State Farm's motion to strike Ratliff's expert witness, Kevin Theriault. The district court excluded Theriault's testimony on the ground that his opinion was based in speculation and conjecture and was unsupported by sufficient known facts. After thorough review, we hold that the testimony was unreliable under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), and, accordingly, was properly excluded.

We further hold that the district court did not abuse its discretion in granting State Farm's motion to file its summary judgment motion beyond the deadline set in a scheduling order. Notably, the summary judgment motion reasonably could not have been filed until after the district court ruled on the

2

motion to strike, and that ruling was issued after the relevant deadline.

Finally, with respect to the court's order granting the motion for summary judgment, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>